BAKER, Judge
(concurring in the result):
I concur in the conclusions of the majority. However, in reaching this position, I do not rely on the majority’s construction of the staff judge advocate’s (SJA) addendum as “suggesting that the convening authority not provide the independent and fi*esh look by command authorities required by Article 60, UCMJ, 10 USC § 860.” 57 MJ at 61. I believe this overstates the import of the SJA’s words and intent. In any event, this is a suggestion we need not make in deciding this case.
I also do not share the majority’s view that United States v. Catalani 46 MJ 325 (1997), provides a “persuasive argument that the staff judge advocate’s recommendation that tile convening authority defer to the judgement of the court members was also legally improper.” 57 MJ at 62. Nor is it necessary to put such an argument in appellant’s mouth to resolve this case. In Catalani this Court concluded:
The issue before us is not whether it was permissible for the SJA to prepare an addendum that sought to bolster his initial recommendation through references to the stature and actions of the military judge. The issue, which we decide in appellant’s favor, involves failure to comply with RCM 1106(f)(7), under which appellant should have had an opportunity to receive notice of the new matter, along with the concomitant opportunity to respond to and correct the misleading information contained therein before the convening authority acted on appellant’s clemency petition.
46 MJ at 330. It is this proposition for which appellant cites Catalani. Point made and taken.
Finally, in concurring in the majority’s result, I place no weight on footnote two, which is not relevant to the outcome of this case and was not argued by either party.